*E-Filed 7/22/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 11-3299 RS |
| Plaintiff, | **ORDER OF SUMMARY REMAND** |
| v. | |
| BARBARA J. ROOKER FAMILY TRUST, et al., | |
| Defendants. | |

This is the third time that "Christopher Jamar [Summers]", purporting to act as the "Administrator" of the "Office of The Executor," and appearing *in pro se*, has attempted to remove this action from Marin Superior Court where it was pending as an unlawful detainer action against him and the Barbara J. Rooker Family Trust. *See Wells Fargo v. Barbara Rooker Family Trust, et al.*, C 10-3503 SBA, and *Wells Fargo v. Barbara Rooker Family Trust, et al.* C 11-0270 RS. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Here, summary remand is, in fact, appropriate, for the same reasons set out in the orders of summary remand in Case Nos. C 10-3503 SBA and C 11-0270 RS. As explained in more detail in those orders, there is no basis for the federal court to exercise removal jurisdiction over this state court

unlawful detainer action, regardless of what affirmative claims defendants may believe they have against Wells Fargo and other related parties, and regardless of the fact that defendants may contend they have *defenses* to the unlawful detainer action that may implicate issues of federal law. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-831 (2002) (holding that federal question jurisdiction must be presented by what is or should have been alleged in the complaint and the fact that a federal question may be implicated through matters raised by an answer or in a counterclaim is insufficient).

While under very limited situations it may sometimes become possible to remove a case that was previously remanded for lack of jurisdiction, defendants are advised that under no conceivable circumstances will this unlawful detainer action ever be subject to removal to federal court. Defendants are directed not to file any further notices of removal with respect to Marin Superior Court Case No. Civ 1003382.  In the event defendants disregard this order, they will be subject to an order to show cause why sanctions should not be imposed against them, including monetary sanctions and a prefiling review order.

This action is hereby remanded to the Marin Superior Court. Defendant's application for *in forma pauperis* status is denied as moot, and the Clerk shall close this file.

IT IS SO ORDERED.

Dated: 7/22/11

RICHARD SEEBORG  
UNITED STATES DISTRICT JUDGE

2

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS DOCUMENT WAS MAILED TO:**

Christopher Jamar Summers
P.O. Box 260
448 Ignacio Blvd
Novato, CA 94949

DATED: 7/22/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

3